IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLENE GONZALES,

    Plaintiff,                    No. CIV S-10-2634 MCE DAD PS

    vs.

INDYMAC BANK FSB, et al.,

    Defendants.             <u>ORDER TO SHOW CAUSE</u>

/

        The plaintiff in this matter is proceeding pro se with a civil action arising from a mortgage foreclosure. Plaintiff commenced the action in this court on September 28, 2010, by filing a voluminous complaint that alleges in conclusory terms sixteen separate causes of action. Plaintiff paid the required filing fee, and the Clerk issued a summons as to the five named defendants. The matter was referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

        On December 13, 2010, defendants Mortgage Electronic Registration Systems, Inc. (MERS) and U.S. Bank, National Association (U.S. Bank) filed a motion to dismiss plaintiff's complaint. The motion was subsequently re-noticed for hearing before the undersigned on January 21, 2011. Plaintiff did not respond to the properly noticed motion and did not appear at the hearing of the motion. On January 10, 2011, defendant First American Title

1

Co. (First American) filed a motion to dismiss. The motion was subsequently re-noticed for hearing before the undersigned on February 25, 2011. Plaintiff did not respond to the properly noticed motion and did not appear at the hearing of the motion.

The court's docket for this case reveals that plaintiff has filed five documents since the filing of this case. Two of the documents purport to be evidence of service of process executed on defendants.[1] On October 8, 2010, plaintiff filed a motion for lis pendens, and on October 25, 2010, plaintiff filed a proof of service of the motion.[2] (Doc. Nos. 3 & 5.) On February 1, 2011, plaintiff filed a notice of change of address. (Doc. No. 22.) Not one of these filings is responsive to defendants' motions to dismiss. Nor do any of the filings demonstrate that plaintiff intends to prosecute this action on its merits.

Pursuant to the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 230(c). "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Id. Failure to appear at the hearing of a properly noticed motion may be deemed withdrawal of any written opposition that was timely filed, in the discretion of the court, or may result in sanctions. Local Rule 230(i). Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing

---

[1] The first such document reveals that copies of plaintiff's complaint and summons were served upon defendants by regular mail on October 21, 2010. (Doc. No. 4.) The second such document reveals that copies of the summons and the court's order setting status conference were served upon defendants by certified mail on November 22, 2010. (Doc. No. 11.) These documents do not establish that service was effected in accordance with Federal Rule of Civil Procedure 4(e). The two defendants who have not appeared are therefore subject to dismissal pursuant to Rule 4(m).

[2] The unsupported boilerplate motion was denied by order filed November 12, 2010. (Doc. No. 6.)

himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Plaintiff has twice failed to comply with multiple provisions of Local Rule 230 and has taken few steps to prosecute this action. In light of plaintiff's pro se status and in the interests of justice, the court will require plaintiff to show cause for her conduct and will grant plaintiff a final opportunity to respond to defendants' motions.

IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause, in writing, no later than May 13, 2011, why sanctions should not be imposed for failure to file timely opposition or a statement of non-opposition to defendants' motions and for failure to appear at properly noticed hearings;

2. Plaintiff's response to this order must be filed with the court and served on defendants' attorneys of record concurrently with a separate opposition or statement of non-opposition to each motion to dismiss; opposition must address all arguments presented in any motion that is opposed;

3. Defendants' replies, if any, to opposition filed by plaintiff pursuant to this order shall be filed and served no later than May 27, 2011; and

4. Plaintiff's failure to file a written response to this order concurrently with opposition or a statement of non-opposition to each motion will be deemed a statement of non-opposition to the granting of the motions and will constitute grounds for imposing appropriate sanctions, including dismissal of this action for lack of prosecution. See Fed. R. Civ. P. 41(b).

DATED: April 15, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\gonzales2634.osc