IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLENE GONZALES,

        Plaintiff,                                No. CIV S-10-2634 MCE DAD PS

    vs.

INDYMAC BANK FSB, et al.,

        Defendants.                      FINDINGS AND RECOMMENDATIONS

_____/

        Pursuant to the court's order filed in this case on April 15, 2011 (Doc. No. 25), plaintiff was required to show cause in writing no later than May 13, 2011, why sanctions should not be imposed on her for failing to file timely opposition or a statement of non-opposition to defendants' motions to dismiss and for failing to attend properly noticed court hearings of those motions. Plaintiff, who is proceeding pro se, was cautioned that failure to file a written response to the order to show cause, along with her opposition or statement of non-opposition to each motion, would be deemed a statement of non-opposition to the granting of defendants' motions. Plaintiff was further cautioned that failure to respond to the order to show cause would constitute grounds for imposing appropriate sanctions, including dismissal of this action for lack of prosecution. Plaintiff has not responded to the order to show cause in any way.

/////

PROCEDURAL HISTORY

Plaintiff commenced this action in this court on September 28, 2010, by filing a voluminous complaint that alleges in conclusory terms sixteen separate causes of action arising from or related to a mortgage foreclosure. Plaintiff paid the required filing fee, and the Clerk issued a summons as to the five named defendants. The matter was referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

On December 13, 2010, defendants Mortgage Electronic Registration Systems, Inc. (MERS) and U.S. Bank, National Association (U.S. Bank) filed a motion to dismiss plaintiff's complaint. The motion was subsequently re-noticed for hearing on January 21, 2011. Plaintiff did not file any response to the properly noticed motion and did not appear at the hearing of the motion.

On January 10, 2011, defendant First American Title Co. (First American) filed a motion to dismiss the complaint. The motion was subsequently re-noticed for hearing on February 25, 2011. Plaintiff did not file any response to the properly noticed motion and did not appear at the hearing of the motion.

The court's docket for this case reflects that plaintiff filed only five documents after commencing this action. Two documents purport to be evidence of service of process. The first of these two documents indicates that copies of plaintiff's complaint and summons were served on defendants by regular mail on October 21, 2010. (Doc. No. 4.) The second document indicates that copies of the summons and the court's order setting status conference were served on defendants by certified mail on November 22, 2010. (Doc. No. 11.) The remaining filings consist of a motion for lis pendens filed by plaintiff on October 8, 2010, a proof of service of the motion for lis pendens filed on October 25, 2010,[1] and a notice of change of address filed on February 1, 2011. (Doc. Nos. 3, 5 & 22.)

---

[1] The unsupported boilerplate motion was denied by order filed November 12, 2010. (Doc. No. 6.)

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Ferdik, 963 F.2d at 1260.

In this case, plaintiff's evidence of service fails to demonstrate that service was properly effected in accordance with Federal Rule of Civil Procedure 4(e). Accordingly, defendants Indymac Bank FSB and A&B Lending, who have not appeared in the case, must be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

With respect to the three defendants who appeared in the case and filed motions to dismiss, the court notes plaintiff filed no documents responsive to defendants' motions. Under the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 230(c). "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Id. Failure to appear at the hearing of a properly noticed motion may, in the discretion of the court, be deemed withdrawal of any written opposition that was timely filed, or may result in sanctions. Local Rule 230(i).

Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the

Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

Plaintiff twice failed to file timely responses to defendants' motions to dismiss and twice failed to appear at the hearing of a properly noticed motion, in violation of multiple provisions of Local Rule 230.  The court issued an order to show cause that provided plaintiff with yet another opportunity to file opposition or a statement of non-opposition to defendants' motions, but plaintiff failed to respond in any way.  The order to show cause warned plaintiff that failure to file a written response to the order to show cause together with opposition or a statement of non-opposition to each motion would be deemed a statement of non-opposition to the granting of the motions.  In light of that warning, plaintiff's failure to respond should be deemed a statement of non-opposition to the granting of the motions to dismiss filed by defendants MERS, U.S. Bank, and First American, and the motions should be granted.

Plaintiff's lack of prosecution of this case renders monetary sanctions futile, and the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.  In the absence of a showing of good cause, the dismissal of defendants Indymac Bank FSB and A&B Lending is mandated by Rule 4(m) of the Federal Rules of Civil Procedure in any event, and plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility as to any defendant.  The undersigned will therefore recommend that this action be dismissed with prejudice as to all defendants due to plaintiff's failure to prosecute and to comply with the court's orders.  See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motions to dismiss filed by defendants Mortgage Electronic Registration Systems, Inc. and US Bank National Association (Doc. No. 12) and defendant First American

Title Co. (Doc. No. 16) be deemed unopposed and, so deemed, be granted;

2. This action be dismissed as to defendants Indymac Bank FSB and A&B Lending due to plaintiff's failure to effect service of process upon these defendants within the time specified by Federal Rule of Civil Procedure 4(m); and

3. Plaintiff's claims against all defendants be dismissed with prejudice due to lack of prosecution, as evidenced by plaintiff's failure to effect service of process upon the two non-appearing defendants, failure to file opposition or a statement of non-opposition to the motions to dismiss filed on behalf of three defendants, failure to appear at the hearing of the motions to dismiss, and failure to prosecute the action in any manner after October 25, 2010; and

4. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 24, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\gonzales2634.dlop.f&r